{¶ 13} SHAW, J., dissenting in part and concurring in part. I must respectfully take issue with the standard of review the majority seems to apply to this case, to wit: whether the appellate court might be able to draw inferences *Page 8 
from the evidence other than the inferences properly made by the trier of fact as a basis for reversal. The magistrate as trier of fact in this case heard the testimony of eight witnesses including the defendant. In the two paragraphs of the magistrate's decision immediately proceeding the sole statement quoted by the majority, the magistrate recounts the relevant testimony which including two separate efforts by the defendant to reach under the victim's skirt; specifically rejects the defendant's claims of accidental or unintentional conduct; and recites the proper standard for weighing the evidence on this issue:
 "This hearing officer does not find the defendant's touching of [the victim] to be accidental or the result of horseplay as alleged by the defendant. To the contrary, the evidence indicates the touching was done purposefully to cause a desired result. * * * " * * * [T]he trier of fact is permitted to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision, the trier of fact may consider the type, nature and circumstances of the contact along with the personality of the defendant. From these facts, the trier of fact may infer what the defendant's motivation was in making contact with the victim." (Citations omitted.) Magistrates Decision filed
 {¶ 14} Unfortunately, although properly based upon the evidence and testimony provided, the magistrate's ultimate decision recites only that defendant is determined to be a delinquent child on the two counts of the complaint — without any reference to a determination of guilt or delinquency by proof beyond a reasonable doubt. Nor does the final judgment entry of the juvenile court *Page 9 
overruling the objections to and adopting the magistrate's decision make any reference to a determination beyond a reasonable doubt. At the trial itself, the matter was taken under advisement at the conclusion of final arguments without any findings or determinations of the magistrate.
 {¶ 15} In sum, there is no reference in the trial record of this case to any determination of the elements of these offenses beyond a reasonable doubt, or any other indication in the record that the proper burden of proof was applied by the trier of fact as to either of these offenses. As common as the principle of proof beyond a reasonable doubt is to the fabric of our criminal justice system I do not believe its proper application by the trier of fact can be simply presumed as inherently underlying any adjudication of guilty or delinquency — especially in the absence of any reference to it whatsoever in the record. For this reason alone, I must concur in the judgment of reversal entered by this court. *Page 1